UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Michael Anthony Feola,

                    Petitioner,

          v.

Jeffrey A. Uttecht

                    Respondent.

CASE NO. 3:19-cv-05647-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR:  October 25, 2019

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura.  Petitioner Michael Anthony Feola filed his federal habeas petition on July 2, 2019 pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. *See* Dkt. 1. The Court concludes that petitioner failed to properly exhaust his state court remedies as to all grounds raised in the petition; however, a state remedy remains available to petitioner. Therefore, the Court recommends that the petition be dismissed without prejudice. The Court also recommends denying all other pending motions (Dkts. 12, 13, 14) as moot without prejudice.

**BACKGROUND**

Petitioner is in custody under a state court judgment and sentence imposed for his conviction by jury verdict for attempted first-degree rape of a child, attempted second-degree rape of a child, attempted commercial sexual abuse of a minor, and communication with a minor for immoral purposes. Dkt. 10, Exhibits 3, 4. Petitioner was sentenced on April 8, 2019. *Id.* Petitioner filed an appeal, which is still pending in the Washington Court of Appeals under Cause No. 53199-2-II. *See* Dkt. 1; Dkt. 10, Exhibits 5, 6. Petitioner filed this petition on July 2, 2019. Dkt. 1.

Petitioner raises four grounds for relief all based on his claim he is unlawfully detained, and the State of Washington does not have jurisdictional authority to decide federal matters. Dkt. 1. On July 22, 2019, respondent filed an answer, wherein he asserts that petitioner has not properly exhausted his available state court remedies. Dkt. 9. Respondent maintains that the petition should be dismissed without prejudice for failure to exhaust state remedies. Dkt. 9.  In the alternative, respondent argues the petition should be dismissed on the merits. Dkt. 9. Respondent does not address whether federal intervention with petitioner's pending state criminal proceedings would be inappropriate under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). And the Court sees no reason to make a determination on the *Younger* abstention issue at this time, since the matter can be resolved without reaching that issue.  On August 28, 2019, Petitioner filed a traverse. Dkt. 11

**DISCUSSION**

**I.    Exhaustion**

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971).

1  Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a
2  meaningful opportunity to consider allegations of legal error without interference from the federal
3  judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state
4  courts one full opportunity to resolve any constitutional issues by invoking one complete round of
5  the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

6          Here, petitioner challenges his 2019 judgment and sentence, which is still pending in his
7  direct appeal in state court.  Dkt. 10, Exhibits 5, 6. Because petitioner's direct appeal is still
8  pending, the state courts have not had a full opportunity to resolve any constitutional issues.
9  Moreover, the time for filing a state court collateral challenge has not expired. *See* RCW §
10  10.73.090. The Court also notes that the state court may resolve petitioner's direct appeal in his
11  favor, which could moot this petition. Therefore, the Court finds that petitioner's claims should be
12  dismissed without prejudice because he has not exhausted the state court remedies.

13          In the petition and traverse, petitioner contends that the federal court has original
14  jurisdiction and that the state courts do not have authority to decide matters related to the United
15  States Constitution. Dkts. 1, 11.  The Court may consider an unexhausted federal habeas petition if
16  it appears "there is an absence of available State corrective process . . . or circumstances exist
17  which render such process ineffective to protect the rights of the applicant." 28 U.S.C.
18  2254(b)(1)(B). However, petitioner has not shown that there is an absence of available state
19  corrective processes or that circumstances exist rendering any state process ineffective.

20          Because the state courts have not yet had a full and fair opportunity to consider the merits
21  of petitioner's claims, the claims are unexhausted and therefore ineligible for federal habeas
22  review. *See Schwartzmiller v. Gardner*, 752 F.2d 1341, 1349 (9th Cir. 1984) ("The exhaustion of
23  state remedies doctrine limits the issues a habeas corpus petitioner may raise in federal court to the
24

'same claims' that are 'fairly' presented to the highest state court."). Accordingly, the undersigned recommends that the petition be dismissed without prejudice. *See Watson v. Lampert*, 27 Fed. Appx. 824 (9th Cir. 2001) (affirming the district court's decision to dismiss the petition without prejudice for failure to exhaust when the petitioner's direct appeal was pending at the time he filed his § 2254 petition). Based on the foregoing, the Court declines to address respondent's alternative argument that the petition should be dismissed on the merits. *See* Dkt. 9.

## EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this report and recommendation, the petition may be resolved on the existing state court record.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of petitioner's claims or would conclude that the issues presented in the petition should proceed further. Therefore, the Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

## OTHER PENDING MOTIONS

Petitioner also filed a motion to compel (Dkt. 12), motion to initiate supplemental jurisdiction (Dkt. 13), and motion for petitioner-initiated summary judgment (Dkt. 14). As discussed above, the Court concludes that the petition is unexhausted and recommends that it be dismissed without prejudice. Accordingly, the Court recommends that all pending motions (Dkts. 12, 13, 14) be denied without prejudice as moot.

## CONCLUSION

The Court recommends that the petition be dismissed without prejudice. No evidentiary hearing is necessary, and a certificate of appealability should be denied. Petitioner's remaining pending motions (Dkts. 12, 13, 14) should be denied as moot without prejudice. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R.

1   Civ. P. 72(b), the clerk is directed to set the matter for consideration on October 25, 2019 as

2   noted in the caption.

3       Dated this 1st day of October, 2019.

4

5

6

7                                   J. Richard Creatura
                                    United States Magistrate Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24