UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL ANTHONY FEOLA,

          Petitioner,

  v.

JEFFREY A. UTTECHT,

          Respondent.

CASE NO. C19-5647 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge, Dkt. 17, and Petitioner's objections to the R&R, Dkt. 18.

Petitioner is incarcerated under a state court judgment and sentence imposed for his conviction by jury verdict in Kitsap County Superior Court for the State of Washington. Dkt. 1. On July 2, 2019, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Id.*[1] Petitioner raises four grounds for relief, all of which are premised on the allegation that his confinement is unlawful because he was charged by information, rather than by indictment. *Id.* Petitioner further alleges that Washington State does not have jurisdiction to determine federal constitutional matters. *Id.* On August

---

[1] Petitioner initially brought this action in the Eastern District of Washington, but the file was transferred to this District. *See* Dkts. 1–5; *see also* 28 U.S.C. § 2241(d) (petition for federal habeas relief must be brought in district where conviction arose).

ORDER - 1

1 | 13, 2019, Respondent answered. Dkt. 9. On August 28, 2019, Petitioner filed a traverse. Dkt. 11.

Also on August 28, 2019, Petitioner filed motions to compel evidence for record of the court, Dkt. 12, to initiate supplemental jurisdiction, Dkt. 13, and for petitioner-initiated summary judgment, Dkt. 14. On August 30, 2019, Respondent responded to Petitioner's motions. Dkt. 15. On September 9, 2019, Petitioner replied. Dkt. 16.

On October 1, 2019, Judge Creatura issued the R&R. Dkt. 17. In relevant part, the R&R recommends that Petitioner's petition be dismissed without prejudice for failure to exhaust state remedies because Petitioner's appeal of his judgment and conviction is pending in the Washington courts. *Id.* The R&R further recommends that Petitioner's pending motions be denied without prejudice. *Id.* On October 14, 2019, Petitioner filed objections. Dkt. 18.[2]

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

First, Petitioner objects to the exhaustion requirement asserting that "[e]ven though exhaustion of state remedies makes sense in some cases, this case should be an exception to this doctrine." Dkt. 18 at 1. The Court may consider an unexhausted federal habeas petition if there is an absence of state corrective process or where state corrective

---

[2] The Court notes that Petitioner's objections are identical to the objections filed by the petitioner in *Schmidt v. Uttecht*, No. 19-CV-5629BHS, Dkt. 11.

process would be rendered ineffective. 28 U.S.C. § 2254(b)(1)(B). Petitioner, however, fails to meet this standard. Instead, he simply restates his assertion that Washington State has abridged his rights under the Fifth Amendment and concludes that this alleged violation would prove exhaustion futile. Dkt. 18 at 2. Therefore, Petitioner's objection to dismissal based on his failure to exhaust state judicial remedies is denied.

Second, Petitioner objects to the R&R's conclusion denying him an evidentiary hearing. *Id.* at 3–4. Yet Petitioner fails to persuade the Court that an evidentiary hearing is needed to resolve his petition presenting unexhausted claims. *See Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). Therefore, the objection is denied.

Last, Petitioner objects to the R&R's conclusion denying him a certificate of appealability. Dkt. 18 at 4. Petitioner argues that the framers intended "full incorporation" of the Bill of Rights, and therefore, that he has made a substantial showing of a denial of his asserted Fifth Amendment right to indictment by grand jury (as a state prisoner). *Id.* Because reasonable jurists could not disagree with the R&R's resolution of Petitioner's claims, this Court agrees that Petitioner is not entitled to a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Accordingly, Petitioner's final objection is denied.

Therefore, the Court having considered the R&R, Petitioner's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Petitioner's federal habeas petition is **DISMISSED without prejudice**;

(3) A Certificate of Appealability is **DENIED**;

(4) Petitioner's remaining motions, Dkts. 12, 13, and 14, are **DENIED as moot**; and

(5) The Clerk shall enter **JUDGMENT** and close the case.

Dated this 2nd day of January, 2020.

_____
BENJAMIN H. SETTLE
United States District Judge